**STATE of Tennessee, Appellee,**

v.

**Rock ABOU–SAKHER, Appellant.**

Court of Criminal Appeals of Tennessee, at Nashville.

Feb. 2, 2000.

Application for Permission to Appeal Denied by Supreme Court Oct. 9, 2000.

Penny Harrington, Nashville, TN, for the appellant.

Paul G. Summers, Attorney General & Reporter, Elizabeth T. Ryan, Asst. Attorney General, Nashville, TN, Dan M. Alsobrooks, District Attorney General, and Lisa Donegan, Asst. District Attorney General, Waverly, TN, for the appellee.

### OPINION

JOHN H. PEAY, Judge.

The defendant was indicted for, and convicted by a jury of, two counts of criminal trespass. He was fined fifty dollars ($50.00) for each offense. In this direct appeal, the defendant challenges the trial court's jury instruction on the statutory defense available against a charge of criminal trespass. Upon our review of the record, we affirm the trial court's judgment.

The defendant, a licensed pilot, was asked to leave the Humphreys County Airport by its manager. When he refused, defendant was arrested and charged. A few days later, defendant was again asked to leave the airport by the manager, and again refused to leave. Defendant was again arrested and charged. A jury subsequently convicted him of criminal trespass for each incident.

It is a defense to prosecution for criminal trespass that:

(1) The property was open to the public when the person entered and remained;

(2) The person's conduct did not substantially interfere with the owner's use of the property; and

(3) The person immediately left the premises upon request.

T.C.A. § 39–14–405(b). Defendant complains that the trial judge committed reversible error because, when instructing the jury on this defense, he added the conjunction "and" at the end of subsection (1). Defendant contends that the implied conjunction at the end of subsection (1) is "or" rather than "and." Accordingly, he argues, the trial court combined two distinct defenses into one.

We disagree. The implied conjunction at the end of the first clause in a series is the same as the actual conjunction used at the end of the penultimate clause. Had the conjunction at the end of subsection (2) been "or," then defendant would be correct. Since the conjunction used is "and," the defendant is incorrect. The trial court committed no error in verbalizing the implied conjunction.

The defendant's contentions being without merit, the judgment of the trial court is affirmed.

WADE, P.J. and OGLE, J., concur.